# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JTEKT CORPORATION and KOYO CORPORATION OF U.S.A.,** <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant, <br><br> and <br><br> **THE TIMKEN COMPANY,** <br><br> Defendant-Intervenor. | Before: Timothy C. Stanceu, Judge <br><br> Consol Court No. 06-00250 |

## OPINION AND ORDER

[Granting motion for stay of proceedings pending appeal in *Union Steel v. United States*, CAFC Court No. 2012-1248]

Dated: June 4, 2012

*Neil R. Ellis* and *Jill Caiazzo*, Sidley Austin, LLP, of Washington, DC, for plaintiffs JTEKT Corporation and Koyo Corporation of U.S.A..

*Kevin M. O'Brien*, *Kevin J. Sullivan*, *Christine M. Streatfeild*, and *Sonal Majmudar*, Baker & McKenzie, LLP, of Washington, DC, and *Diane A. MacDonald*, Baker & McKenzie, LLP, of Chicago, IL, for plaintiffs FYH Bearing Units USA, Inc. and Nippon Pillow Block Company Ltd..

*Alexander H. Schaefer* and *Robert A. Lipstein*, Crowell & Moring, LLP, of Washington, DC, for plaintiffs NSK Corporation, NSK Ltd., and NSK Precision America, Inc..

*Kevin M. O'Brien*, *Christine M. Streatfeild*, and *Diane A. MacDonald*, Baker & McKenzie, LLP, of Washington, DC, and Chicago, IL, for plaintiffs American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America, NTN Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation.

*Nausheen Hassan* and *Greyson L. Bryan*, O'Melveny & Myers, LLP, of Washington, DC, for plaintiffs Nachi Technology, Inc., Nachi-Fujikoshi Corporation, and Nachi America, Inc..

*L. Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the briefs were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director. Of counsel on the briefs was *Deborah R. King*, Office of the Chief Counsel for Import Administration, Department of Commerce.

*Geert M. De Prest*, *Terence P. Stewart*, and *William A. Fennell*, Stewart and Stewart, of Washington, DC, for plaintiff and defendant-intervenor the Timken Company.

Stanceu, Judge: In this consolidated action, plaintiffs JTEKT Corporation[1] and Koyo Corporation of U.S.A. (collectively, "JTEKT"), FYH Bearing Units USA, Inc. and Nippon Pillow Block Company Ltd. (collectively, "NPB"), NSK Corporation, NSK Ltd., and NSK Precision America, Inc. (collectively, "NSK"), American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America, NTN Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation (collectively, "NTN"), Nachi Technology, Inc., Nachi-Fujikoshi Corporation and Nachi America, Inc. (collectively, "Nachi"), and The Timken Company ("Timken"), which is both a plaintiff and the defendant-intervenor, contest an antidumping determination ("Final Results") of the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department"). Specifically, they challenge certain aspects of the final determination that Commerce issued to conclude the sixteenth administrative reviews of antidumping duty orders covering ball bearings and parts thereof from France, Germany, Italy, Japan, and the United Kingdom made during the period of May 1, 2004 through April 30, 2005. *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews*, 71 Fed. Reg. 40,064 (July 14, 2006) ("*Final Results*"). Four plaintiffs–JTEKT, NPB, NTN, and Nachi–asserted claims challenging the application of Commerce's "zeroing" methodology to calculate the

---

[1] JTEKT Corporation is the successor-in-interest to Koyo Seiko Company, Ltd.. *Notice of Final Results of Antidumping Duty Changed-Circumstances Review: Ball Bearings & Parts Thereof from Japan*, 71 Fed. Reg. 26,452, 26,452-53 (May 5, 2006).

dumping margin in the review of the order pertaining to Japan.² The plaintiffs challenging zeroing claim the Department's use of the zeroing methodology for non-dumped sales violates the U.S. antidumping laws and is inconsistent with international obligations of the United States.

The court's previous opinion in this action, issued on July 29, 2011, addressed the Department's first remand redetermination. In light of two intervening decisions of the Court of Appeals for the Federal Circuit ("Court of Appeals"),³ the court ordered Commerce to reconsider the decision to apply the zeroing methodology in determining the margins for the plaintiffs challenging zeroing, and to either alter that decision or provide an explanation of how the language of 19 U.S.C. § 1677(35) permissibly may be construed in one way with respect to investigations and the opposite way with respect to administrative reviews. *JTEKT Corp. v. U.S.*, 35 CIT __, __, 780 F. Supp. 2d 1357, 1371 (2011).⁴ Both the Government and Timken seek reconsideration of or relief from this remand order with respect to zeroing and ask the court to

---

² The U.S. Department of Commerce ("Commerce" or the "Department") applied its "zeroing" methodology in the sixteenth administrative reviews, under which it assigned to U.S. sales made above normal value a dumping margin of zero, instead of a negative margin, when calculating weighted-average dumping margins. *Issues & Decision Mem. for the Antidumping Duty Admin. Reviews of Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, & the United Kingdom for the Period of Review May 1, 2004, through April 30, 2005*, at 11-12 (July 14, 2006).

³ In *JTEKT Corp. v. United States*, 642 F.3d 1378, 1383-85 (Fed. Cir. 2011) and *Dongbu Steel Co. v. United States*, 635 F.3d 1363, 1371-73 (Fed. Cir. 2011), the Court of Appeals for the Federal Circuit ("Court of Appeals") held that the final results of an administrative review in which zeroing was used must be remanded for an explanation of the Department's interpreting the language of 19 U.S.C. § 1677(35) inconsistently with respect to the use of zeroing in investigations and the use of zeroing in administrative reviews.

⁴ The court's second remand order also instructed the Department to reconsider the proposal of American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America, NTN Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation (collectively, "NTN") to incorporate additional design-type categories in the Department's model match methodology. *JTEKT Corp. v. U.S.*, 35 CIT __, __, 780 F. Supp. 2d 1357, 1371-72 (2011).

uphold Commerce's use of zeroing in the sixteenth administrative review of the antidumping duty order on ball bearings from Japan. The Timken Co.'s Mot. for Reconsideration or Relief from J. 5 (Aug. 10, 2011), ECF No. 171; Def.'s Mot. for Expedited Reconsideration or Relief from J. 7 (Aug. 12, 2011), ECF No. 173. Further, the Government requests an extension of time to file the second remand determination until 60 days after the court decides the motions for reconsideration or relief. Def.'s Mot. for Enlargement of Time to File Remand Redetermination (Sept. 21, 2011), ECF No. 177.

Also before the court is a joint motion of plaintiffs JTEKT, NTN, NPB, and NSK to stay this case pending the final disposition of *Union Steel v. United States*, 36 CIT __, Slip Op. 12-24 (Feb. 27, 2012) ("*Union Steel*"). Joint Mot. for Stay of Proceedings Pending Appeal in *Union Steel v. United States* (May 4, 2012), ECF No. 182 ("Joint Mot. for Stay"). *Union Steel* involves the question of the legality of the Department's zeroing methodology as applied to an administrative review of an antidumping duty order. *Union Steel*, 36 CIT __, __, Slip Op. 12-24, at 2. The judgment entered by the Court of International Trade in that case affirming the use of zeroing in the subject administrative review is now on appeal before the Court of Appeals.[5] Joint Mot. for Stay 3. Nachi consented to the joint motion. *Id*. at 6. Defendant and defendant-intervenor oppose the proposed stay. Def.'s Opp'n to Pls.' Mot. to Stay (May 23, 2012), ECF No. 183 ("Def.'s Opp'n"); The Timken Co.'s Resp. in Opp'n to JTEKT, NTN, NPB, and NSK's Joint Mot. to Stay Proceedings (May 23, 2012), ECF No. 184 ("Def.-intervenor's Opp'n").

---

[5] The United States filed a Notice of Appeal of the judgment in *Union Steel* on March 6, 2011. ECF No. 79 (Consol Ct. No. 11-00083). The appeal has been docketed as *Union Steel v. United States*, CAFC Court No. 2012-1248.

For the reasons discussed herein, the court will grant the motion for a stay and will hold in abeyance any ruling on the motions for reconsideration or relief. The pending litigation in the Court of Appeals is likely to affect the court's disposition of the claim of the plaintiffs challenging the Department's zeroing practice in the subject review. Although the case at bar concerns a different antidumping duty order and administrative review than are involved in *Union Steel*, both cases raise the same general issue, *i.e.*, the permissibility under current law of the Department's application of the zeroing methodology in an administrative review. A stay at this juncture, therefore, will serve the interest of judicial economy and conserve the resources of the parties. Moreover, defendant and defendant-intervenor have failed to show, or even allege, that the proposed stay would cause harm.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The decision when and how to stay a proceeding rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). In making this decision, the court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 257.

In opposing the motion for a stay, defendant and defendant-intervenor argue that the zeroing issue being examined in *Union Steel* is different than the claim in this case. They assert that at the time of the administrative review underlying this case, Commerce did not yet have different interpretations of 19 U.S.C. 1677(35) in investigations using average-to-average comparisons and administrative reviews using average-to-transaction comparisons.[6] Def.'s

---

[6] After a World Trade Organization ("WTO") decision holding that zeroing in

                                                                                                                             (continued...)

Opp'n 1-2; Def.-intervenor's Opp'n 3-4.  As such, at the time of the final results, defendant-intervenor argues, Commerce could not have provided an explanation for differing interpretations of the statutory provision.  Def-intervenor's Opp'n 4.  The court is not persuaded by this argument.  It is undisputed that Commerce used its zeroing methodology in the subject review.  *Issues & Decision Mem. for the Antidumping Duty Admin. Reviews of Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, & the United Kingdom for the Period of Review May 1, 2004, through April 30, 2005*, at 11-12 (July 14, 2006).  Because the zeroing issue raised by this case involves the statutory interpretation of the U.S. antidumping laws, *Union Steel* is likely to be pertinent to the court's disposition of the zeroing issue in this case and, in turn, to the court's ruling on defendant and defendant-intervenor's motions for reconsideration or relief.

Although acknowledging that ordering a stay is a matter for the court's exercise of discretion, Def.'s Opp'n 2, defendant also argues that the "plaintiffs are not entitled to a stay because they have not satisfied their burden" nor will a stay "benefit the public interest." *Id*.  The Government submits that the movants "have neither established–nor, in fact, even alleged–a 'clear case of hardship or inequity in being required to go forward' with the litigation." *Id*. at 4 (citing *Landis*, 299 U.S. at 255).  Defendant misconstrues the applicable standard.  A party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays *will work damage to*

---

⁶(...continued)
antidumping investigations was contrary to U.S. international obligations, Commerce abandoned zeroing in such proceedings, effective February 22, 2007.  *Antidumping Proceedings: Calculation of the Weighted-Average Dumping Margin During an Antidumping Investigation; Final Modification*, 71 Fed. Reg. 77,722 (Dec. 27, 2006); *Antidumping Proceedings: Calculation of the Weighted-Average Dumping Margins in Antidumping Investigations; Change in Effective Date of Final Modification*, 72 Fed. Reg. 3783 (Jan. 26, 2007).  The final results of the appealed annual review in this consolidated action were issued on July 14, 2006.

*some one else,*" *Landis*, 299 U.S. at 255 (emphasis added).  However, the court fails to see what harm would accrue to defendant should the stay be ordered, and defendant, in opposing the motion, does not identify any such harm, *see* Def.'s Opp'n 3-4.  Defendant-intervenor does not argue that a stay will cause it harm, and the court perceives no harm that would accrue to defendant-intervenor should the stay be ordered.

Defendant argues, further, that a stay is inappropriate because this case involves another issue, NTN's proposal for Commerce to incorporate additional design-type categories into its model-match methodology, that has no connection to the Department's use of the zeroing methodology.  *Id*. at 5. Defendant contrasts the current action with that of *SKF v. United States*, Court No. 11-0343, which was stayed pending appeal in *Union Steel*, but whose "other issue besides zeroing . . . a challenge to Commerce's policy of issuing liquidating instructions 15 days after publication of a final results of review . . . cannot result in relief other than an advisory opinion." *Id*.  Defendant, however, fails to identify any harm that will result to it from a delay in the adjudication of the model-match issue.

In conclusion, *Union Steel* is likely to affect the court's disposition of the challenge to the Department's zeroing methodology and the pending motions for reconsideration or relief.  The stay sought by the plaintiffs challenging zeroing is warranted, as it will serve the dual interests of judicial economy and conservation of the parties' resources.  No showing of harm resulting from the proposed stay has been made.  The court, therefore, will grant the joint motion for stay while holding in abeyance the other motions currently before the court.

**ORDER**

Upon consideration of the Joint Motion for Stay of Proceedings Pending Appeal in *Union Steel v. United States* ("Joint Motion for Stay"), as filed on May 4, 2012 by plaintiffs JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT"), NTN Corporation, NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation,

NTN-BCA Corporation, NTN-Bower Corporation, and NTN Driveshaft, Inc. (collectively, "NTN"), FYH Bearing Units USA, Inc. and Nippon Pillow Block Company Ltd. (collectively, "NPB"), and NSK Corporation, NSK Ltd., and NSK Precision America, Inc. (collectively, "NSK"), the motions in opposition filed by the United States and defendant-intervenor The Timken Company ("Timken"), and all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the Joint Motion for Stay be, and hereby is, GRANTED; and it is further

**ORDERED** that this case be, and hereby is, stayed until 30 days after the final resolution of all appellate review proceedings in *Union Steel v. United States*, CAFC Court No. 2012-1248.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: June 4, 2012
New York, New York