Slip Op. 14-13

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JTEKT CORP.**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant, <br><br> and <br><br> **THE TIMKEN CO.**, <br><br> Defendant-Intervenor. | Before: Timothy C. Stanceu, Judge <br><br> Consol. Court No. 06-00250 |

**OPINION AND ORDER**

[Granting partial relief from a prior order issued in litigation contesting a determination that concluded administrative reviews of antidumping duty orders on ball bearings and parts thereof]

Dated: February 10, 2014

*Neil R. Ellis* and *Dave M. Wharwood*, Sidley Austin, LLP, of Washington, D.C., for plaintiffs JTEKT Corporation and Koyo Corporation of U.S.A.

*Diane A. MacDonald*, *Kevin M. O'Brien*, *Christine M. Streatfeild*, and *Sonal Majmudar*, Baker & McKenzie, LLP, of Chicago, IL, for plaintiffs FYH Bearing Units USA, Inc. and Nippon Pillow Block Company Ltd.

*Diane A. MacDonald*, *Kevin M. O'Brien*, and *Christine M. Streatfeild*, Baker & McKenzie, LLP, of Chicago, IL, for plaintiffs and defendant-intervenor, American NTN Bearing Manufacturing Corporation, NTN Bearing Corporation of America, NTN-Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation.

*Greyson L. Bryan* and *Nausheen Hassan*, O'Melveny & Myers, LLP, of Washington D.C., for plaintiffs Nachi Technology, Inc., Nachi-Fujikoshi Corporation, and Nachi America, Inc.

*Robert A. Lipstein* and *Alexander H. Schaefer*, Crowell & Moring, LLP for plaintiffs NSK Corporation, NSK Ltd., and NSK Precision America, Inc.

*L. Misha Preheim*, Trial Attorney, Civil Division, Commercial Litigation Branch and *Claudia Burke*, Assistant Director, U.S. Department of Justice, for defendant. With them on the brief were *Tony West*, Assistant Attorney General, and *Jeanne E. Davidson*, Director. Of counsel on the brief were *Deborah R. King* and *Shana Ann Hofstetter*, Office of Chief Counsel for Import Administration, U.S. Department of Commerce.

*Geert M. De Prest* and *Terence P. Stewart*, Stewart and Stewart, of Washington D.C., for plaintiff and defendant-intervenor, The Timken Company. With them on the brief was *Lane S. Hurewitz*.

Stanceu, Judge: Before the court are two motions which seek, *inter alia*, partial relief from the July 29, 2011 Opinion and Order (the "Second Remand Order") issued in *JTEKT Corp. v. United States*, 35 CIT __, 780 F. Supp. 2d 1357 (2011) ("*JTEKT II*"). Def.'s Mot. for Expedited Recons. or Relief from J. 7 (Aug. 12, 2011), ECF No. 173 ("Def.'s Mot."); The Timken Co.'s Mot. for Recons. or Relief from J. 5 (Aug. 10, 2011), ECF No. 171 ("Timken's Mot."). The court grants these motions in part. Also before the court is a motion seeking deconsolidation, dismissal of various claims, and entry of a scheduling order, which the court grants in part. The Timken Co.'s Mot. for Deconsolidation & Dismissal & for Entry of Scheduling Order, ECF No. 196 ("Timken's Mot. for Dismissal").

## I. BACKGROUND

In this consolidated case,[1] several plaintiffs contested a final antidumping determination (the "Final Results") issued by the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") to conclude the sixteenth administrative reviews of antidumping duty orders on ball bearings and parts thereof ("subject merchandise") from France, Germany, Italy, Japan, and the United Kingdom. *See JTEKT Corp. v. United States*,

---

[1] Six actions are consolidated under Consolidated Court Number 06-00250: Nippon Pillow Block Co. Ltd. v. United States (Ct. No. 06-00258); Timken US Corp. v. United States (Ct. No. 06-00271); NSK Ltd. v. United States (Ct. No. 06-00272); NTN Corp. v. United States (Ct. No. 06-00274); and Nachi-Fujikoshi Corp. v. United States (Ct. No. 06-00275). Order Granting Mot. to Consol. Cases (Oct. 2, 2006), ECF No. 17.

33 CIT 1797, 1798-1799, 675 F. Supp. 2d 1206, 1213 (2009) ("*JTEKT I*"); *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews*, 71 Fed. Reg. 40,064, 40,065 (July 14, 2006) ("*Final Results*"). The sixteenth administrative reviews cover entries of subject merchandise made from May 1, 2004 through April 30, 2005. *Final Results*, 71 Fed. Reg. at 40,064.

Plaintiffs in this consolidated case are JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT"); FYH Bearing Units USA, Inc. and Nippon Pillow Block Company Ltd. (collectively, "NPB"); NSK Corporation, NSK Ltd., and NSK Precision America, Inc. (collectively, "NSK"); Nachi Technology, Inc., Nachi-Fujikoshi Corporation, and Nachi America, Inc. (collectively, "Nachi"); and American NTN Bearing Manufacturing Corporation, NTN Bearing Corporation of America, NTN Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation (collectively, "NTN"), which is both a plaintiff and a defendant-intervenor, as is the Timken Company ("Timken").[2]

The court's prior opinions provide detailed background information concerning this case, which concerns the review of the antidumping duty order on ball bearings and parts thereof from Japan. *See JTEKT I*, 33 CIT at 1799-1805, 1864-65, 675 F. Supp. 2d at 1213-18, 1263-64; *JTEKT II*, 35 CIT at __, 780 F. Supp. 2d at 1361; Stay Order 1 (June 4, 2012), ECF No. 185.

Plaintiffs JTEKT, NTN, NPB, and Nachi, challenged, *inter alia*, the Department's use of the "zeroing" methodology in calculating antidumping margins in the sixteenth administrative reviews. According to this methodology, Commerce assigns to U.S. sales made above normal

---

[2] American NTN Bearing Manufacturing Corporation, NTN Bearing Corporation of America, NTN Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation (collectively, "NTN") are defendant-intervenors in Timken US Corporation v. United States (Ct. No. 06-00271), which is consolidated in this action.

value a dumping margin of zero, rather than a negative margin, when calculating weighted-average dumping margins. *JTEKT II*, 35 CIT at __, 780 F. Supp. 2d at 1360. Those plaintiffs argued generally that zeroing violates domestic antidumping laws and is inconsistent with international obligations of the United States. *JTEKT I*, 33 CIT at 1801-02, 675 F. Supp. 2d at 1214-15.

In *JTEKT I*, the court ordered Commerce to reconsider various aspects of the Final Results but, according to the law governing at that time, affirmed the Department's use of zeroing in the sixteenth administrative reviews. *Id.*, 33 CIT at 1864-65, 675 F. Supp. 2d at 1263-64. After Commerce submitted, in response to *JTEKT I*, its first remand redetermination and after plaintiffs filed their comments thereon, plaintiff NTN moved to stay this action, citing the Department's plans to modify the method for calculating weighted-average dumping margins to eliminate the future use of zeroing. Pl.'s Mot. to Stay Further Proceedings Pending the Finality of New Antidumping Margin Methodology or, in the Alt., Mot. to Allow Further Briefing 2, 5-9 (Jan. 28, 2011), ECF No. 159 (*citing Antidumping Proceedings: Calculation of the Weighted Average Dumping Margin & Assessment Rate in Certain Antidumping Duty Proceedings,* 75 Fed. Reg. 81,533, 81,534-35 (Dec. 28, 2010)). In the alternative, NTN requested an opportunity to submit additional briefing on the zeroing issue. *Id.* at 2.

In *JTEKT II*, the court construed NTN's motion for a stay as a motion for reconsideration of the court's decision in *JTEKT I* to uphold the Department's use of zeroing in the Final Results when determining the margins for NTN, JTEKT, Nachi, and NPB. *JTEKT II*, 35 CIT at __, 780 F. Supp. 2d at 1363. In the Second Remand Order, the court sustained in part and remanded in part the Department's first remand redetermination, finding that the redetermination complied in part with the court's order in *JTEKT I* and with the applicable law. *Id.*, 35 CIT at __,

780 F. Supp. 2d at 1371.  The court directed Commerce to reconsider the use of zeroing in light of two intervening decisions of the Court of Appeals for the Federal Circuit ("Court of Appeals") that called into question the Department's use of zeroing in administrative reviews.[3]  *Id.*  The court also instructed Commerce on remand to "set forth an explanation of how the language of 19 U.S.C. § 1677(35) as applied to the zeroing issue permissibly may be construed in one way with respect to investigations and the opposite way with respect to administrative reviews."  *Id*.  Finally, the court ordered Commerce to reconsider the Department's decision to reject NTN's proposal that Commerce incorporate additional design type categories into the "model-match" methodology.  *Id.* at __, 780 F. Supp. 2d at 1363.

Timken and defendant each filed a motion, on August 10, 2011 and August 12, 2011, respectively, requesting that the court uphold the Department's use of zeroing in the sixteenth administrative reviews and either reconsider or grant relief from the court's Second Remand Order as it pertains to zeroing.  Timken's Mot. 4-5; Def.'s Mot. 7.  Defendant also requested an extension of time to file the second remand redetermination after the court decides the motions for reconsideration or relief.  Def.'s Mot. for Enlargement of Time to File Remand Redetermination (Sept. 21, 2011), ECF No. 177 ("Def.'s Extension of Time Mot.").

Before the court responded to the motions for reconsideration or relief, several plaintiffs moved to stay this action pending the final disposition of *Union Steel v. United States*, CAFC Ct. No. 2012-1248, a case then pending before the Court of Appeals that involved the permissibility of the Department's use of zeroing in an administrative review despite the Department's having

---

[3] The Court of Appeals for the Federal Circuit ("Court of Appeals") held that Commerce had not provided a satisfactory explanation for the Department's different interpretation of 19 U.S.C. § 1677(35) in the antidumping administrative review and investigation contexts.  *See JTEKT Corp. v. United States,* 642 F.3d 1378, 1384-85 (Fed. Cir. 2011); *Dongbu Steel Co. v. United States*, 635 F.3d 1363, 1372-73 (Fed. Cir. 2011).

Case 1:06-cv-00250-TCS   Document 197   Filed 02/10/14   Page 6 of 12

**Consol. Court No. 06-00250**                                                                                                                                              **Page 6**

discontinued the methodology in antidumping investigations. *See* Joint Mot. for Stay of Proceedings Pending Appeal in *Union Steel v. United States* (May 4, 2012), ECF No. 182 ("Pls.' Mot. to Stay Pending *Union Steel*"). On June 4, 2012, the court stayed further proceedings in this action until thirty days after the final resolution of all appellate proceedings in *Union Steel*. *See* Stay Order 1. The Court of Appeals issued its opinion on April 16, 2013, *Union Steel v. United States*, 713 F.3d 1101 (Fed. Cir. 2013) ("*Union Steel*"), and issued its mandate on June 10, 2013. The parties' time for filing a petition for writ of *certiorari* expired on July 15, 2013. By the court's order, the stay in this action expired on August 14, 2013.

After the stay pending *Union Steel* expired, several plaintiffs and defendant each filed status reports on August 8, 2013 and August 9, 2013, respectively. Pls.' Status Report, ECF No. 191 ("Pls.' Status Report"); Def.'s Status Report & Notice of Supplemental Authority 2, ECF No. 192 ("Def.'s Status Report"). On January 31, 2014, Timken filed an additional motion requesting deconsolidation, a scheduling order for the remand proceeding addressing one claim, and dismissal of the remaining claims. Timken's Mot. for Dismissal 1.

## II. DISCUSSION

The court exercises jurisdiction under section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(c) (2006), pursuant to which the court reviews actions commenced under Section 516A of the Tariff Act, 19 U.S.C. § 1516a, including an action contesting the final results of an administrative review that Commerce issues under Section 751 of the Tariff Act, 19 U.S.C. § 1675(a).[4]

---

[4] Unless otherwise indicated, all statutory citations herein are to the 2006 edition of the U.S. Code.

As discussed below, the court relieves Commerce of the directive concerning zeroing in the Second Remand Order based on the intervening decision of the Court of Appeals in *Union Steel*. The court, however, does not adopt the additional measures sought in Timken's second motion. *See* Timken's Mot. for Dismissal 1. The court maintains the directive in the Second Remand Order as to the claim brought by NTN pertaining to additional design types in the Department's model-match methodology. *See JTEKT II*, 35 CIT at __, 780 F. Supp. 2d at 1371-72.

### A. Motions for Reconsideration or Relief from Judgment

Pursuant to 28 U.S.C. § 2646 and USCIT Rule 59(a)(1)(B), the court may, on a party's motion or *sua sponte*, grant rehearing. On a party's motion, the court may grant rehearing "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." USCIT R. 59(a)(1)(B).[5] The court may also grant a timely motion for rehearing "for a reason not stated in the motion" or on its own initiative "[a]fter giving the parties notice and an opportunity to be heard." *Id.* R. 59(d). It is within the court's discretion to grant or deny relief under Rule 59 and in doing so, the court may exercise "all the powers in law and equity of . . . a district court of the United States," 28 U.S.C. § 1585. *See Nan Ya Plastics Corp., Am. v. United States*, 37 CIT __, __, 916 F. Supp. 2d 1376, 1378 (2013).

---

[5] The moving parties also requested relief under USCIT Rule 60, a rule inapplicable because the court's July 29, 2011 decision was not a "final judgment, order, or proceeding" as required for relief under that rule. *See Rhone Poulenc, Inc. v. United States*, 880 F.2d 401, 406 (Fed. Cir. 1989) (noting that relief under Rule 60(b) is available only after the court "has entered a final judgment or issued a final order"); *Badger-Powhatan v. United States*, 808 F.2d 823, 825 (Fed. Cir. 1986) (determining that a remand order is not a final appealable decision).

Defendant and Timken request that: (1) the court provide them with relief from the directive concerning zeroing contained in the Second Remand Order; and (2) the court affirm the *Final Results* with respect to zeroing. Timken's Mot. 4-5; Def.'s Mot. 7.

1. The Court Relieves Defendant from the Directive Concerning Zeroing Contained in the Second Remand Order

In light of the intervening decision by the Court of Appeals in *Union Steel*, the court relieves defendant from the directive concerning zeroing contained in the Second Remand Order. In *Union Steel*, the Court of Appeals affirmed a decision of this Court that held reasonable the Department's explanation for the continued use of zeroing in administrative reviews despite the Department's having eliminated the methodology in antidumping investigations. *Union Steel*, 713 F.3d at 1103. As defendant notes in its status report following the decision in *Union Steel*, that decision effected an intervening change in the controlling law. Def.'s Status Report 2. Based on the decision in *Union Steel*, the court concludes that defendant and Timken are entitled to relief from the court's Second Remand Order under USCIT Rule 59(d) for reasons not stated in the parties' motions.[6] The court therefore relieves defendant from the instructions in the Second Remand Order such that Commerce will not be required, at least at this time, to reconsider or provide an explanation of the use of zeroing in the sixteenth administrative reviews.

[6] Defendant and Timken asserted that they are entitled to relief because at the time the *Final Results* were published, Commerce could not have explained the Department's policy of distinguishing between antidumping investigations and administrative reviews because it had not yet adopted the policy. Def.'s Mot. for Expedited Recons. or Relief from J. 1-2, 5-7 (Aug. 12, 2011), ECF No. 173 ("Def.'s Mot."); The Timken Co.'s Mot. for Recons. or Relief from J. 3-4 (Aug. 10, 2011), ECF No. 171. Defendant also argued that due to Court of Appeals precedents upholding zeroing when Commerce used the methodology in both investigations and administrative reviews, the court was required to sustain the use of zeroing when ruling on the first remand redetermination Commerce issued in this litigation. Def.'s Mot. 6.

2.  The Court Declines to Affirm the *Final Results* as to Zeroing at this Time

Because it appears that the claims challenging zeroing in this case are indistinguishable from those rejected in *Union Steel*, in which the Court of Appeals affirmed the Department's use of zeroing, the court is considering whether to affirm the *Final Results* as to zeroing.  The court, however, will hold in abeyance any ruling on whether to affirm the *Final Results* with respect to zeroing until the parties have had "an opportunity to be heard" in accordance with the notice requirement of USCIT Rule 59(d).  The court will allow the parties the opportunity to submit, within thirty days, supplemental briefing on the narrow question of whether the holding of *Union Steel* is dispositive of plaintiffs' zeroing claims, and if not, what further action the court should take to resolve those claims.  Any such submission is voluntarily.

B.  Timken's Motion for Deconsolidation and Dismissal

Timken's motion for deconsolidation and dismissal is in a large part repetitive of Timken's earlier motion for reconsideration or relief.  The later motion differs from the earlier motion only in that the later motion seeks deconsolidation and dismissal of various claims.  *See* Timken's Mot. for Dismissal 3.  The court's decision on Timken's earlier motion addresses the issue Timken raises in the later motion concerning the effect of the decision of the Court of Appeals in *Union Steel*.

As to the additional requests in Timken's second motion (*i.e.*, for deconsolidation and dismissal of claims), the court views these requests as premature and better resolved when the court reviews the second remand redetermination that Commerce issues in accordance with this Opinion and Order.  By requesting dismissal of various claims, Timken seeks a final determination or judgment as to some, but not all, claims in this consolidated case.  Under USCIT Rule 54(b), entering a partial judgment concerning only some of the claims in a case is

appropriate only where "there is no just reason for delay." USCIT R. 54(b). The court does not conclude that "there is no just reason for delay" so as to justify piecemeal adjudication of this case, especially because plaintiffs have not yet had the opportunity, following *Union Steel*, to be heard on whether the court should affirm the *Final Results* as to zeroing. The court therefore declines, at this time, to dismiss any claims in this case.

### C.  NTN's Proposed Design Type Categories

The court's Second Remand Order instructed Commerce to reconsider NTN's proposal that Commerce incorporate additional design type categories in applying the model-match methodology "to the extent necessary to correct any errors revealed by the Department's review of the record evidence." *JTEKT II*, 35 CIT at __, 780 F. Supp. 2d at 1371-72. Defendant and Timken did not seek relief from this aspect of the court's Second Remand Order. Therefore, the directive to Commerce concerning NTN's proposed design type categories, as set forth in the court's Second Remand Order, remains in effect. *See id*.

### D.  Defendant's Motion for Extension of Time

Due to changes in the scope of the court's Second Remand Order announced herein and the time that has passed since the court's decision in *JTEKT II*, the court deems it appropriate to grant defendant's request for an extension of time for the filing of a second remand redetermination, to which no party objected. *See* Def.'s Extension of Time Mot. 1. The court allows, per that request and the parties' proposed schedule, ninety days from the date on which the court issues this Opinion and Order. Def.'s Status Report 1; Pls.' Status Report 6; Timken's Mot. for Dismissal 2.

### III. CONCLUSION AND ORDER

Therefore, upon consideration of defendant's Motion for Expedited Reconsideration or Relief from Judgment, Timken's Motion for Reconsideration or Relief from Judgment, defendant's Motion for Extension of Time, Timken's Motion for Deconsolidation and Dismissal and for Entry of Scheduling Order, plaintiffs' responses thereto, and all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the U.S. Department of Commerce ("Commerce" or the "Department") is relieved from the directive in the July 29, 2011 Opinion and Order issued in *JTEKT Corp. v. United States*, 35 CIT __,__, 780 F. Supp. 2d 1357, 1371 (2011) ("*JTEKT II*"), instructing Commerce to reconsider its decision to use zeroing during the sixteenth administrative reviews and either alter that decision or set forth an explanation of how the language of 19 U.S.C. § 1677(35) permissibly may be construed in one way with respect to investigations and the opposite way with respect to administrative reviews; it is further

**ORDERED** that Commerce shall comply with the Opinion and Order in *JTEKT II*, 35 CIT at __, 780 F. Supp. 2d at 1371, with respect to NTN's proposal to incorporate additional bearing design types in the Department's model-match methodology and redetermine, as appropriate, the weighted-average dumping margin applied to NTN; it is further

**ORDERED** that Timken's motion to deconsolidate this case and dismiss certain claims is denied and that Timken's request that the court enter a scheduling order is granted; it is further

**ORDERED** that any party may submit, within thirty (30) days from the date of this Opinion and Order, a brief on the question of whether *Union Steel v. United States*, 713 F.3d 1101 (Fed. Cir. 2013), is dispositive of the zeroing claims in this case and, if not, what further action the court should take to resolve those claims; it is further

**ORDERED** that Commerce shall file its second remand redetermination within ninety (90) days of the date of this Opinion and Order; it is further

**ORDERED** that parties may file comments to the second remand redetermination within thirty (30) days of the date on which such redetermination is filed; and it is further

**ORDERED** that defendant may file responses to the comments within thirty (30) days of the date on which the last such comment is filed.

/s Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: February 10, 2014
New York, New York